UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD J. SIMPSON

        Plaintiff(s),       CASE NO.: 2:07-CV-12609

vs.

PATRICIA CARUSO et al.,       DISTRICT JUDGE GEORGE CARAM STEEH
                                       MAGISTRATE JUDGE STEVEN D. PEPE

        Defendant(s).
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. # 8)

On June 19, 2007, Plaintiff filed his Application for Appointment of Counsel in which he seeks court appointed counsel (Dkt. # 8). All pretrial matters were referred to the undersigned on August 20, 2007 (Dkt. # 17). For the reasons indicated below, IT IS **ORDERED** THAT Plaintiff's Application for Appointment of Counsel is **DENIED.**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint names 36 Defendants alleging that their deliberate indifference led it to provide inadequate medical care causing Plaintiff constant pain and discomfort (Dkt. #1). Plaintiff claims that his diagnosis of chronic lung disease his rib cage pain and acid reflux warrant tests for lung cancer (given his family history for cancer) or for other pulmonary problems which various Doctor Defendants have denied.. While he has had surgery preformed while a prisoner on his left knee, and apparently his left shoulder, he needs surgery on his right knee and lower back. While acknowledging requests for postponement due to family "emergencies," Plaintiff denies he has refused such surgery as Defendants assert. He claims he needs a new knee brace and total reconstruction of both knees an not pain medication to treat only the symptoms. Additionly Plaintiff suffers from Follictolitis , a skin disease, for which he is being denied proper soaps and lotions for treatment.

The factual issues raised by Plaintiff concerning the adequacy of his medical care are clear and straightforward. Plaintiff has demonstrated in his complaint and appendices[1] that he understands the legal issues and can present these issues to a Court in a satisfactory manner. He has extensive citations to federal cases and MDOC Policy Directives in claiming Eighth Amendment violations.

Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

---

[1]These documents (Dkt. #'s 1-6) constitute over 800 pages of filings.

Accordingly, Plaintiff's application for appointment of counsel is **DENIED**. Plaintiff may bringing a further application FOR appointment of counsel after rulings on any dispositive motions at which time appointment of counsel may be reconsidered.

**SO ORDERED.**

Date: December 5, 2007                                    s/Steven D. Pepe
Flint, Michigan                                           United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Ronald W. Chapman, David B. Mammel, Clifton B. Schneider, Carly A. VanThomme, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Richard Simpson #184722, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442

                                                 s/ James P. Peltier
                                                 James P. Peltier
                                                 Courtroom Deputy Clerk
                                                 U.S. District Court
                                                 600 Church St.
                                                 Flint, MI 48502
                                                 810-341-7850
                                                 pete_peliter@mied.uscourts.gov