UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD J. SIMPSON,

       Plaintiff,

vs.

Case No. 07-CV-12609
HON. GEORGE CARAM STEEH

CORRECTIONAL MEDICAL SERVICES, et al.,

       Defendants.

_____/

## ORDER ACCEPTING JANUARY 16, 2008 REPORTS AND RECOMMENDATIONS (# 83, #84), GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS IN THEIR ENTIRETY

Plaintiff Richard Simpson, a Michigan state prisoner proceeding pro se, filed a complaint on June 19, 2007 alleging the several defendants were liable under 42 U.S.C. § 1983 for deliberate indifference to his medical needs, retaliation, cruel and unusual punishment, and inhumane treatment in violation of the Eighth Amendment. Defendants Correctional Medical Services (CMS), Ivens, Kennerly, Kim, May, Mustafa, Nelson, Nino, and Hadid filed a motion for summary judgment on September 28, 2007. Defendants Michigan Department of Corrections ("MDOC"), Caruso, Pramstaller, Epp, Wight, Ellen, Stevenson, West, Pietrangelo, Damron, Covert, Luxton, Harry, Kelly, Hamilton, Cooper, MacDowell and Ball filed a motion for summary judgment on October 31, 2007. The motions were referred to Magistrate Judge Steven Pepe. On January 16, 2008, Magistrate Judge Pepe issued two Reports and Recommendations: "Report and Recommendation to Dismiss 18 Defendants From Suit"; and "Report and Recommendation to Grant Defendants' Motions for Summary Judgment." Plaintiff Simpson filed objections to the

latter Report and Recommendation on February 13, 2008.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party's failure to object waives further judicial review. Thomas v. Arn, 474 U.S. 140, 149-155 (1985); Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001) (recognizing that a party may forfeit his right to de novo review if his objections "are general or conclusionary and do not relate to a specific error"); 28 U.S.C. § 636(b)(1).

### I. Report and Recommendation to Dismiss 18 Defendants From Suit

Magistrate Judge Pepe relates in this Report and Recommendation that Simpson agreed to dismiss defendants Ivens, Hadid, May, Nino, Mustafa, Nelson, Epp, Wight, Ellen, Stevenson, Pietrangelo, Damron, Covert, Luxton, Kelly, Hamilton, MacDowell and Knack for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and for expiration of the applicable statute of limitations. Magistrate Judge Pepe recommends dismissal of these defendants with prejudice under Federal Rule of Civil Procedure 42(a)(2) governing voluntary dismissals. Simpson has not filed objections, waiving further review by this court. Arn, 474 U.S. at 155; Thomas, 131 F.Supp.2d at 944. The court adopts this Report and Recommendation, and will dismiss these defendants with prejudice.

### II. Report and Recommendation to Grant Defendants' Motions for Summary Judgment

In this 23-page Report and Recommendation, Magistrate Judge Pepe finds that 32 of Simpson's 43 underlying grievances are unexhausted, untimely, barred by Michigan's 3-year statute of limitations, M.C.L. § 600.5805(8), unrelated to this litigation, or duplicative,

and thus unavailable to support Simpson's § 1983 claims as a matter of law. Magistrate Judge Pepe addresses the remaining 11 exhausted claims on their merits and concludes that Simpson has failed to come forward with sufficient evidence to support a finding of deliberate indifference to a serious medical need, citing inter alia Farmer v. Brennan, 511 U.S. 825 (1994) and Estelle v. Gamble, 429 U.S. 97 (1976). Magistrate Judge Pepe recommends that the remaining defendants' motions for summary judgment be granted, and that Simpson's claims be dismissed in their entirety.

Simpson objects that the Magistrate Judge improperly interpreted the term "duplicative" grievance as used in MDOC PD 03.02.130(G)(1), which calls for the rejection of a grievance that raises the same issues raised in a previously filed grievance. Simpson argues the interpretation is unreasonable. Simpson objects to the finding that his claims do not meet the deliberate indifference standard set forth in Estelle, arguing the defendants have acted to deny him medical evaluation and treatment for all of his medical conditions, and have continuously refused to respond to his known medical needs. Simpson asserts that the evidence supports a finding that the defendants have needlessly caused him to suffer pain resulting from his illnesses. Simpson argues the defendants' deliberate indifference is obvious, as demonstrated by evidence that, although he has had orthopedic surgery performed on his left knee, he has yet to undergo surgery to his right knee, left shoulder, and lower back, and he has not received recommended total reconstructive surgery on both knees. While Simpson admits that he has postponed scheduled surgeries due to "extenuating circumstances," Simpson notes that the defendants have also cancelled appointments "on numerous occasions." Objections, at 9. Simpson states he has been told by "Health Care Staff" that MDOC's Chief Medical Officer and CMS are refusing to authorize recommended treatment. Simpson continues by arguing it is also obvious that the defendants have been deliberately indifferent to his "follicolitis" skin

condition, stating that "[a]lthough some of the prescribed items are being provided, [the] refusal to provide all the prescribed and recommended items has caused Plaintiff to suffer from pain and discomfort on almost a daily basis." Objections, at 9. Simpson argues he has shown "competent data" to support his claims.

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once the movant establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252.

As recognized by Magistrate Judge Pepe, the MDOC's interpretation of the term "duplicative" grievance is entitled to judicial deference. See Gerber v. Hickman, 291 F.3d 617, 626 (9th Cir. 2003). The MDOC's interpretation of a "duplicative" grievance as being a grievance which raises the same issue as a prior grievance is reasonable and straight-forward. The three Step appeal process allows for administrative review of an unfavorable decision, as opposed to the refiling of denied grievances at Step I. Simpson's interpretation would allow an inmate to repeatedly file the same grievance, wasting limited MDOC

resources. Simpson has also failed to identify a specific grievance underlying this lawsuit that was unreasonably found to be "duplicative." Simpson's conclusionary arguments of obviousness, that "the defendants" have denied him medical treatment and evaluations, have refused to respond to his medical needs, and have caused him to suffer needless pain do not constitute specific facts that would support his claims at trial. Anderson, 477 U.S. at 252; First Nat'l Bank, 391 U.S. at 270; McLean, 224 F.3d at 800; Thomas, 131 F.Supp.2d at 944. Simpson's reference to alleged statements made by unnamed "Health Care Staff" that MDOC and CMS are refusing to authorize medical treatment is, at best, inadmissable hearsay. As to Simpson's specific medical conditions relative to his left knee, right knee, back, and follicolitis, the undisputed record evidence shows that Simpson has received an operation on his right knee, that Simpson himself has cancelled surgical appointments, and that Simpson receives several prescription medications for his skin condition. Simpson does not identify the "competent data" that would support his claims of deliberate indifference to his medical needs.

To succeed on an Eighth Amendment claim involving medical care, a prisoner must prove "'deliberate indifference' to his 'serious' medical needs." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (quoting Estelle, 429 U.S. at 106)). An Eighth Amendment claim for denial of medical care requires proof of "a sufficiently culpable state of mind in denying medical care." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994), Estelle, 429 U.S. at 104, and Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)). Simpson has failed to proffer evidence that any one particular defendant, let alone "the defendants" collectively, have been culpably indifferent to his orthopedic and skin conditions. As set forth in Lewis v. McClennan, No. 00-5755, 7 Fed. App'x. 373, 375 (6th Cir. March 20, 2001):

> To establish a violation of his Eighth Amendment rights resulting from a

denial of medical care, [the plaintiff] must show that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir.1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation, *id*. at 107, and, where the prisoner has received some medical attention and now disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and to constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

There is no reasonable dispute that Simpson has been provided medical evaluation and treatment for all of his medical conditions. Simpson's disagreement with the adequacy of the treatment he continues to receive is insufficient to state an actionable Eighth Amendment claim as a matter of law. Id; Anderson, 477 U.S. at 252; First Nat'l Bank, 391 U.S. at 270; McLean, 224 F.3d at 800.

On de novo review, the court hereby ACCEPTS the two January 16, 2008 Reports and Recommendations as its own. Defendants Ivens, Hadid, May, Nino, Mustafa, Nelson, Epp, Wight, Ellen, Stevenson, Pietrangelo, Damron, Covert, Luxton, Kelly, Hamilton, MacDowell and Knack are hereby DISMISSED from this lawsuit, with prejudice, pursuant to Federal Rule of Civil Procedure 42(a)(2). The remaining defendants' motions for summary judgment are hereby GRANTED. Simpson's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

Dated: August 11, 2008

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 11, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk